**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4797**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

MALIKAIH TAYLOR, JR.,

              Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:07-cr-00197-RBH)

Submitted:  March 27, 2008              Decided:  April 1, 2008

Before TRAXLER and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Michael A. Meetze, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant.  Rose Mary Parham, Assistant United
States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Malikaih Taylor, Jr., pled guilty pursuant to a written plea agreement to possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court sentenced Taylor to seventy months of imprisonment, the bottom of the advisory sentencing guideline range. Taylor appeals his conviction and sentence. His counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the adequacy of the colloquy held in accordance with Fed. R. Crim. P. 11, and the reasonableness of Taylor's sentence. Counsel states, however, that in his view, there are no meritorious issues for appeal. Taylor was informed of his right to file a pro se supplemental brief but has not done so. We affirm.

Counsel raises as a potential issue the adequacy of the plea hearing but does not identify any deficiencies in the district court's Rule 11 inquiries. Because Taylor did not move in the district court to withdraw his guilty plea, the Rule 11 hearing is reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (discussing standard). Our careful review of the record convinces us that the district court fully complied with the mandates of Rule 11 in accepting Taylor's guilty plea, ensured that Taylor entered his plea knowingly and voluntarily, and determined that the plea was supported by an independent factual

- 2 -

basis.  See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

Counsel also questions whether the district court imposed a reasonable sentence.  Appellate courts review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard.  Gall v. United States, 128 S. Ct. 586, 597-98 (2007); United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007) (discussing procedure district courts must follow in sentencing defendant).  "A sentence within the proper Sentencing Guidelines range is presumptively reasonable."  United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding presumption of reasonableness for within-guidelines sentence).

Here, the district court properly calculated the guideline range, appropriately treated the guidelines as advisory, and considered the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007).  Taylor's seventy-month sentence is the bottom of the guideline range and is below the statutory maximum sentence of ten years' imprisonment.  See 18 U.S.C.A. § 924(a)(2) (West 2000 & Supp. 2007).  Finally, neither Taylor nor the record suggests any information so compelling as to rebut the presumption that a sentence within the properly calculated guideline range is reasonable.  We therefore conclude that the sentence is reasonable.

In accordance with <u>Anders</u>, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 4 -